UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD ERLING KELLY                          CIVIL ACTION

VERSUS                                        NUMBER: 12-1640

RAYMOND HUGHES, ET AL.                        SECTION: "I"(5)


                     REPORT AND RECOMMENDATION

    This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Richard Erling Kelly ("Kelly"), against defendants, Detective Raymond Hughes of the New Orleans Police Department ("NOPD") and the State of Louisiana.  For the reasons that follow, it is recommended that plaintiff's claims sounding in the nature of habeas corpus relief be dismissed without prejudice and that his §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

    Plaintiff Kelly is an inmate of the Grady County Law Enforcement Center in Chickasha, Oklahoma.  At the time that he authored his original complaint, plaintiff was incarcerated at the Greene County Detention Center ("GCDC"), Greenville, Tennessee, in connection with his May 24, 2012 conviction for a violation of the

Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. §2250(a), following a jury trial in the United States District Court for the Eastern District of Tennessee.[1]/ On February 20, 2013, Kelly was sentenced to forty-one months in the custody of the U.S. Bureau of Prisons, fifteen years of supervised release thereafter, and an assessment of $100.00. Kelly's appeal of that conviction and sentence is presently pending before the United States Court of Appeals for the Sixth Circuit under docket No. 13-05282.

In the above-captioned complaint which he filed pursuant to §1983, Kelly alleges that Detective Hughes testified at his federal criminal trial that he had violated or attempted to violate Louisiana law governing the registration of sex offenders even though Kelly had complied with that law while he was in Louisiana; that Hughes further testified as to the regulation obligations that were imposed on Kelly, including those under SORNA, when he notified the NOPD on June 8, 2011 that he intended to leave the state despite the absence of such advice in the change-of-address

---

[1]/ See United States v. Kelly, No. 11-CR-0087 on the docket of the United States District Court for the Eastern District of Tennessee. The facts supporting Kelly's conviction can be found in the trial court's opinion denying his Rule 29 post-judgment motion for acquittal. Id., rec. doc. 57. Kelly has a long history of sexual offenses dating back to as early as 1974. See Kelly v. State of Washington, 993 F.2d 883, 1993 WL 148091 (9th Cir. 1993)(table).

notice and the fact that Hughes did not even attend the meeting; and, that Hughes caused to be issued, on August 3, 2011, a warrant for his arrest for a violation of Tennessee law which was done in excess of Hughes' jurisdiction. (Rec. doc. 3, p. 4). Kelly also challenges the constitutionality of Louisiana's Sex Offender Registration Laws, LSA-R.S. 15:540 et seq., on several fronts. (Id. at p. 5).

Subsequent to filing his original complaint, Kelly filed an amended and supplemental complaint on September 6, 2012. (Rec. doc. 4). In that pleading, although plaintiff disavows any intention to litigate any past or present claims regarding the conditions of confinement allegedly existing at the Orleans Parish Prison's House of Detention ("OPP/HOD"), he additionally complains of being falsely arrested by Hughes on December 22, 2010, resulting in him being housed at OPP/HOD where he suffered from two asthma attacks and was thereafter denied proper medical treatment. (Rec. doc. 4, pp. 1-4). He also complains of being severely beaten and injured at GCDC on January 1, 2012 which is the subject matter of a civil rights lawsuit captioned Kelly v. Burns, et al., No. 12-CV-0244 that he filed in the United States District Court for the Eastern District of Tennessee on June 13, 2012. (Id. at p. 4).[2]

---

[2] That lawsuit was dismissed by the Eastern District of Tennessee on April 1, 2013 for failure to state a claim under 28

Kelly's claims in the instant matter can be roughly divided into two groups, those dealing with his recent SORNA conviction and those relating to the outstanding Louisiana warrant. To the extent that Kelly complains that he was convicted of a SORNA violation based upon the false testimony of Detective Hughes, he presents an issue sounding in the nature of habeas corpus, Daniels v. Franklinton Police Dept., No. 11-CV-0044, 2011 WL 802627 at *1 (E.D. La. Jan. 25, 2011), adopted, 2011 WL 794408 (E.D. La. Feb. 25, 2011), for which the appropriate and exclusive initial remedy is 28 U.S.C. §2255 post-conviction relief, Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131 (5th Cir. 1987), but only after his direct criminal appeal has been decided. Welsh v. United States, 404 F.2d 333 (5th Cir. 1968). And unless and until Kelly is able to have his federal conviction invalidated through such proceedings, he has no §1983 cause of action at all. Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994)(citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)). Moreover, a testifying witness like Hughes is cloaked with absolute immunity even if he is a law enforcement official. Geter v. Fortenberry, 849 F.2d 1550, 1558 (5th Cir. 1988) And issues of causation notwithstanding, any §1983 claims Kelly may have had regarding the validity of his arrest by

---

U.S.C. §§1915(e)(2) and 1915A(b).

Hughes on December 22, 2010 and his subsequent incarceration at OPP/HOD are clearly prescribed. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).

Insofar as Kelly complains that Hughes improperly obtained the issuance of a warrant for his arrest on August 3, 2011 which presumably takes the form of a detainer lodged against him, he challenges the legality of confinement to which he may be subjected in the future, a habeas corpus issue under 28 U.S.C. §2241 which cannot be addressed until he has exhausted the remedies that are available to him under state law. Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1127-28 (1973). Generally, the exhaustion requirement is satisfied only where a prisoner's grounds for habeas relief were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff indicates on the face of his complaint, in answer to Section I(A) of the pre-printed §1983 form, that he has not previously initiated any other lawsuits, in state or federal court, dealing with the same facts that are involved in this lawsuit or otherwise relating to his imprisonment. (Rec. doc. 3, p. 1). Accordingly, to the extent that the instant matter can be construed

5

as presenting habeas corpus claims respecting the validity of Kelly's future detention, it should be dismissed without prejudice for failure to exhaust state court remedies.  That comity-based requirement should afford him ample opportunity to challenge the constitutionality of Louisiana's Sex Offender Registration Laws, Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 n.1 (5th Cir. 1988), in the manner that is preferred by the state courts, State v. Overstreet, ___ So.3d ___, 2013 WL 1115125 (La. 2013), despite those laws being upheld from such challenges on a number of occasions.  Moore v. Avoyelles Corr. Center, 253 F.3d 870, 871-73 (5th Cir. 2001); Kirschenhunter v. Sheriff's Office, Beauregard Parish, 165 Fed.Appx. 362, 363 (5th Cir.), cert. denied, 549 U.S. 913, 127 S.Ct. 255 (2006); United States v. Hoang, No. 07-CR-267, 2008 WL 4610249 (M.D. La. Oct. 16, 2008), rev'd on other grounds, 636 F.2d 677 (5th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 1534 (2012); Guidry v. State, No. 08-CV-109, 2008 WL 2001957 (W.D. La. Apr. 23, 2008).  Finally, no §1983 claim lies against the State here as it is not considered to be a "person" within the meaning of that civil rights statute.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985); Scott v. Supreme Court of Louisiana, No. 12-CV-2502, 2013 WL 1288565 at *3 (E.D. La. March 27, 2013).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's habeas corpus claims be dismissed without prejudice and that his §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of     May    , 2013.

                                              ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE